IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:19 CR00513-002 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| KEYRA MARINEZ | ) | SENTENCING MEMORANDUM |
| | ) | ON BEHALF OF DEFENDANT |
| Defendant. | ) | |

In anticipation of the sentencing scheduled for May 31, 2019, Defendant, Keyra Martinez, through counsel, respectfully submits the following Sentencing Memorandum, and requests a sentence which is sufficient, but not greater than necessary, to serve the purposes of federal sentencing under Title 18 U.S.C. § 3553(a). Ms. Martinez requests this Honorable Court to consider that:

1. She is 44 years old and has no prior criminal convictions. She has never been arrested before this incident.

2. She has already been incarcerated for 96 days. She was also on home detention with location monitoring from March 13, 2018 to February 28, 2019, a total of 352 days.

1

3. While on pretrial supervision she has made a satisfactory adjustment.

4. While on pretrial supervision she has been employed full time with The Center for Children and Family Services. Recently, she started a second part-time job.

5. Ms. Martinez graduated from college and has a Master's Degree.

6. Paragraph 15 of the plea agreement states that each side is free to recommend whatever sentence it believes is appropriate.

7. Paragraph 195 of the Presentence Report states that a downward variance may be warranted.

Respectfully Submitted,

_/jamesjmcdonnell_____
JAMES J. MCDONNELL (0005802)
Attorney for Defendant
55 Public Square, Suite 2100

Cleveland, Ohio 44113
(216) 781-2125
jamesjmcdonnell@sbcglobal.net

I.      PROCEDURAL BACKGROUND

On December 6, 2017, the Defendant, Keyra Martinez was named in a twenty-nine count Indictment in the Northern District of Ohio. The Defendant plead guilty to count one by way of a written plea agreement. The defendant is currently awaiting sentencing, which is set for May 32, 2019 at 10:00AM in front of Judge Christopher Boyko.

II.     SENTENCING FACTORS

Title 18 U.S.C. § 3553(a) provides, in part, that district courts shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable

        category of defendant as set forth in the guidelines …;

(5) any pertinent policy statement … [issued by the Sentencing

    Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

A.    <u>Ms. Martinez's Criminal history score is zero</u>

Ms. Martinez argues that since she has zero (0) criminal history points, she is a first offender. A sentencing court is empowered, under 18 USC 3553(a), to impose a sentence that reflects a defendant's status as a true first offender. The Sixth Circuit has determined that '… because the defendant had zero points…she might plausibly argue that even category I ---which applies when a defendant has zero or one criminal history point(s)…overstated her criminal history to some degree.' United States v. Dane, 533 F.3d 441 (6th Cir.2008). Other circuit courts have uniformly recognized that a defendant's complete lack of any criminal history can support a lower sentence. United States v. Paul, 561 F.3d 970 (9th Cir. 2009) (where a defendant convicted of embezzlement and guidelines 10-16 months, court's within guideline sentence of 15

4

months is unreasonably high in part because the defendant was a first-time offender with no criminal record whatsoever).

This is also supported by the Sentencing Commission's report "Recidivism and the First Offender". This report found that offenders with zero criminal history points are less likely to recidivate than all other offenders. Offenders with zero criminal history points have lower recidivism rates than offenders with one or more criminal history points.

III. CONCLUSION

For the foregoing reasons, Ms. Martinez respectfully requests that the Court impose a sentence of straight probation because that is sufficient, but not greater than necessary, to serve the purposes of sentencing in light of the factors set forth in Title 18 U.S.C. § 3553.

**CERTIFICATE OF SERVICE**

5

A copy of the foregoing Sentencing Memorandum has been electronically served upon Matthew Cronin, Assistant United States Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 on this day of _____ May, 2019.

    __/jamesjmcdonnell
    JAMES J. MCDONNELL (0005802)
    Attorney for Defendant